IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joseph M. DePace, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:19-cv-0075-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Andrew M. Saul,[1] Commissioner of Social Security Administration, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Joseph M. DePace's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF Nos. 24; 29). Plaintiff seeks an award of attorney's fees in the amount of $32,490.25, which Plaintiff contends represents 25% of the back benefits awarded to Plaintiff. (ECF Nos. 24 at 1; 24-1 at 3–4). The Commissioner has filed a response informing the court that he does not object to Plaintiff's motion for fees. (ECF No. 26).

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted as the defendant in this action. *See also* 42 U.S.C. § 405(g) (providing that action survives regardless of any change in the person acting as the Commissioner of Social Security.

1

Based upon a review of the petition and these factors, the court finds that an award of $32,490.25 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel twenty-five percent (25%) of any past-due benefits. (ECF Nos. 24 at 1; 24-1 at 1; 24-4). Plaintiff was awarded $129,961.00 in back benefits. (ECF No. 29). Twenty-five percent (25%) of this award amounts to $32,490.25; however, only $25,495.25 was withheld for attorney's fees. *Id.*; *see also* (ECF Nos. 24-1 at 2; 24-6). The additional $6,995.00 that should have been withheld as attorney's fees was inadvertently released to Plaintiff's beneficiaries.[2] (ECF Nos. 24-1 at 2; 24-7; 24-8). Accordingly, Plaintiff's counsel now seeks approval of the full amount of attorney's fees, $32,490.25. (ECF Nos. 24; 24-1). In compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested total fee does not exceed twenty-five percent (25%) of the past-due benefits. Furthermore, the requested attorney's fee is reasonable given the hours counsel expended working on this matter at the court level. (ECF Nos. 24-1 at 2, 3; 24-2 at 2–3). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D. Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees (ECF No. 24) is **GRANTED**, and Plaintiff is awarded a total of $32,490.25 in attorney's fees.[3]

---

[2] The Social Security Administration issued letters to these beneficiaries shortly after the inadvertent payment, notifying them of the error and of their obligation to pay Plaintiff's counsel their portion of the attorney's fees should Plaintiff's counsel seek such payment. (ECF Nos. 24-7; 24-8).

[3] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee[,] . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). Plaintiff was previously awarded $7,000.00 in attorney's fees under the EAJA in this action. (ECF No. 23). Accordingly, Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fees of $7,000.00 immediately after he receives the payment of the § 406(b) fees.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

March 16, 2021
Anderson, South Carolina